NO. 07-05-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 2, 2006

_____

LALENA RENEE MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6707; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Lalena Renee Moore was convicted by a jury of possession of a controlled substance. The trial court assessed punishment at one year confinement in a state jail facility, suspended for two years, and a $1,000 fine, which was not suspended.

The clerk's record was filed on August 2, 2005, and a supplemental clerk's record containing the trial court's certification of defendant's right of appeal was filed on August 15,

2005. The court reporter was notified by letter dated July 19, 2005, that the deadline for filing the reporter's record had lapsed. Two extensions of time in which to file the reporter's record were granted due to appellant's failure to submit a written designation and to make arrangements to pay for the record. Counsel for appellant was then directed to certify compliance with Rules 34.6(b)(1) and 35.3(b) of the Texas Rules of Appellate Procedure to this Court no later than August 30, 2005, however, counsel failed to respond, and the court reporter filed a third request for an extension of time. By letter dated September 14, 2005, the deadline for filing appellant's brief was set for October 13, 2005 and that pursuant to Rule 37.3(c), counsel was notified that only points or issues that do not require a reporter's record could be raised.

Appellant did not file a brief and was notified by letter dated October 20, 2005, that failure to do so or respond would result in the appeal being abated. *See* Tex. R. App. P. 38.8(b). Appellant did not respond nor file a brief and the appeal was abated on November 14, 2005. On February 24, 2006, a second supplemental clerk's record was filed containing findings of fact and conclusions of law by the trial court indicating appellant did not want to prosecute her appeal.

Accordingly, the appeal is hereby dismissed for want of prosecution and for failure to comply with this Court's directive. Tex. R. App. P. 42.3(b) & (c).

Don H. Reavis<br>
Justice

Do not publish.